UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph Chancellor,<br><br>                Plaintiff,<br>v.<br><br>Credit Collection Services; and DOES 1-10, inclusive,<br><br>                Defendants. | Civil Action No.: 1:13-cv-11480<br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Joseph Chancellor, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Joseph Chancellor ("Plaintiff"), is an adult individual residing in Oakland, Tennessee, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Credit Collection Services ("Credit"), is a Massachusetts business entity with an address of 2 Wells Avenue, Department 9133, Newton, Massachusetts 02459,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Credit and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Credit at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. A person other than Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. Upon information and belief, he Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Credit for collection, or Credit was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Credit Engages in Harassment and Abusive Tactics

12. On or around August 2012, Credit began contacting Plaintiff in an attempt to collect the Debt.

13. During Plaintiff's initial conversation with Credit and each conversation thereafter, Plaintiff informed Credit that he did not know "Joseph Cruz" (the "Debtor") and that Credit was calling the wrong telephone number.

14. Nonetheless, Credit continued to place calls to Plaintiff in an attempt to collect the Debt.

### C. **Plaintiff Suffered Actual Damages**

15. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

16. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

19. Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass.

20. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

21. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

22. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

23.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "[o]ne who intentionally intrudes … upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

25.     Massachusetts recognizes Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

26.     Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with the above-referenced phone calls.

27.     The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding Plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

28.     The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

29.     As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

30.     All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: June 20, 2013

Respectfully submitted,

By   /s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff